**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

ROGER MAX AUSTIN,

       Plaintiff,

                                                Case No. 18-cv-12297

v.

MICHAEL J. McCARTHY,

       Defendant.

_____/

**ORDER DIRECTING PAYMENT OF THE FILING FEE**
**AND SUMMARILY DISMISSING THE COMPLAINT AS FRIVOLOUS**

**I. Introduction**

This matter is presently before the court on plaintiff Roger Max Austin's *pro se* complaint under 42 U.S.C. § 1983 and his application to proceed without prepaying the fees and costs for this action. Austin is confined at the Midland County Jail in Midland, Michigan. He is suing Michigan attorney Michael J. McCarthy, who was appointed as standby counsel to assist Austin in his federal criminal case. *See United States v. Austin*, No. 2:15-cv-20609-01, Order Regarding Defendant's Self-Representation, Dkt. # 327 (E.D. Mich. Oct. 4, 2017).[1] In his civil complaint, Austin seeks money damages on the ground that McCarthy violated eight of Michigan's Rules of Professional Conduct.

---

[1] Following a jury trial in 2017, Austin was convicted of: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1); Using, Carrying a Firearm during a Drug Trafficking Crime, 18 U.S.C. § 924(c); and Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 846, 841(a)(1). He is awaiting sentencing.

## II. Discussion

### A. The Application to Proceed Without Prepaying Fees and Costs

As an initial matter, the court must address Austin's application to proceed without prepaying the fees and costs for this action. Austin must pay the full filing fee for this civil action, but he may pay the fee in periodic installments. *See* 28 U.S.C. § 1915(b)(1) and (b)(2). The court must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Austin's trust fund account at the jail or (2) the average monthly balance in Austin's account for the preceding six months. 28 U.S.C. § 1915(b)(1). After Austin pays the initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account at the prison. 28 U.S.C. § 1915(b)(2).

With these statutory provisions in mind, the court ORDERS officials at the Midland County Jail to: (1) withdraw or set aside an initial partial filing fee from Austin's trust fund account; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward to the Clerk of the Court payments of twenty percent (20%) of the preceding month's income credited to Austin's account until he has paid the entire filing fee of $350.00. The court will notify correctional officials when Austin has paid the entire filing fee.

### B. Legal Framework and Analysis of Austin's Substantive Claim

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under

federal law if the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Additionally, whether Austin's complaint is reviewed under 42 U.S.C. § 1983 or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971),[2] he must prove two elements: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

---

[2] *Bivens* "is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.' " *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

Austin has not satisfied either element of a proper federal civil rights action. First, he has not shown that he was deprived of a federal constitutional right. Instead, he alleges only violations of state law.

Second, even if the complaint were construed to allege a violation of the Sixth Amendment right to effective assistance of counsel, *see, e.g.,Strickland v. Wa*shington, 466 U.S. 668, 685-86 (1984) (acknowledging an accused person's Sixth Amendment right to effective assistance of counsel in a criminal case), Austin has not shown that the alleged deprivation of his constitutional rights was caused by a person acting under color of law. Defense attorneys, whether appointed or retained, do not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Floyd v. County of Kent*, 454 F. App'x, 493, 497 (6th Cir. 2012).

### III. Conclusion

Plaintiff's complaint is frivolous because it lacks an arguable basis in law. The complaint also fails to state a plausible claim for relief. The court, therefore, summarily dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The court also certifies that an appeal from this decision would be frivolous and, therefore, could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 15, 2018, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12297.Austin.Civil.Dismissal.docx